OPINION OF THE COURT
David Otis Fuller, Jr., J.
*985 The defendant was arraigned by this court on June 17, 2004 on two charges of criminal contempt in the first degree, violations of section 215.51 (b) (iii) and (v) of the Penal Law (class E felonies).
The defendant had been charged earlier with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) on November 17, 2003, the allegation being that he had attempted to assault his wife in the presence of their children on October 30, 2003. This court issued a temporary order of protection for his wife as a condition of his release. The order was amended on January 6, 2004 to permit the defendant to call his wife 10 minutes prior to his coming to her home to pick up the children for visitation. The order prohibited him from calling his wife except for that purpose.
After a nonjury trial of the alleged attempted assault in the third degree on June 29 and July 1, 2004, the defendant was found not guilty. The parties were mailed the decision containing the verdict.
The instant complaints allege that, on June 15, 2004 at about 11:20 a.m. in the Village of Tuckahoe, the defendant intentionally placed his wife in reasonable fear of physical injury by calling her on her cell phone in violation of the temporary order of protection and threatening her by yelling: “If you dare to involve the kids to come to criminal court to testify against me, I will finish you. You will never get hurt the way I will hurt you. Don’t you dare involve the kids. I will literally give you nothing and I will finish with you.”
On July 20, 2004, the first adjourned date after the misdemeanor trial, the prosecutor made an application under section 160.50 of the Criminal Procedural Law to have the sealing of the record in the misdemeanor case stayed pending the disposition of the felonies. He made a motion to that effect, dated August 2, 2004, returnable the next day.
The matter was adjourned to August 24, 2004. The basis for the motion was that if the record in question were sealed, the People would be precluded from introducing the temporary order of protection upon which the contempt charges were based, in addition to other evidence, in the felony actions.
CPL 160.50 reads in pertinent part as follows:
“1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section, unless the district attorney upon motion with not less *986 than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed.” (Emphasis added.)
Defendant states that the record should have been sealed on July 1, 2004, the date of the acquittal. He insists that the record must be “immediately” sealed. However, the “immediately” in the statute refers to the notification to the Commissioner of the Division of Criminal Justice Services and other agencies after the sealing. The statute permits the district attorney to show that the interests of justice require an alternative to sealing, in this case a stay of sealing until the related cases are over. Unless the People are allowed a reasonable time to move for such relief, the permission granted by statute cannot be acted on. In this case, the prosecution, at the next adjourned date, proclaimed its intention to seek the stay and noticed its motion two weeks later. The defendant was given more than the five days to respond required by the statute.
It is readily apparent that the People could not try the felony charges if the record in the misdemeanor case were sealed. In effect, to deny the People’s motion would make the acquittal on the misdemeanor result in an automatic dismissal of the felony charges. This is sufficient “interests of justice” to stay the sealing of the misdemeanor record until the termination of the felony actions.
The motion is granted.